UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAYMOND TYLICKI,

                        Plaintiff,

  -against-                                     1:06-CV-0221
                                                             (LEK/RFT)

JOHN RYAN, Chancellor of the State
University of New York; ROBERT T. BROWN,
Vice Chancellor for Community Colleges;
MAURICE HICKEY, President of the
State of New York Clinton Community College,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

On April 13, 2006, this Court issued a Decision and Order directing, *inter alia*, that Plaintiff Raymond Tylicki ("Plaintiff") file an Amended Complaint within thirty (30) days of said Order if he wished to avoid dismissal of his case. See April 2006 D&O (Dkt. No. 6).

On April 27, 2006, Plaintiff submitted a letter request asking the Court to extend his time for the filing of an Amended Complaint until May 25, 2006. See Plntf's Letter Motion (Dkt. No. 7). The Court granted Plaintiff's letter request on May 2, 2006, and actually allowed Plaintiff until May 31, 2006, to file an Amended Complaint. See Order (Dkt. No. 8). Thus, Plaintiff had until May 31, 2006, to file an Amended Complaint in this matter, or else face dismissal of his case.

---

[1] For printed publication by the Federal Reporters.

The April 13, 2006 D&O was mailed to Plaintiff at the address provided in the Complaint (Dkt. No. 1), and which appears currently on the Docket Sheet:

Raymond Tylicki
32923 Cromwell
Solon, OH 44139
U.S.

But, the material was returned to the Court as undeliverable. See Dkt. No. 9.

Plaintiff has not provided the Court with an updated address,[2] and has not filed an Amended Complaint.

## II. Discussion

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)). Although Southridge addressed discovery orders, there is no difference for non-compliance with any other court order. See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004

---

[2] The Court notes that the street address on the undeliverable package was actually typed as "32932", and not "32923". See Dkt. Nos. 1, 9. However, the Court does not believe that such a typographical error would necessarily prevent the United States Postal Service from correctly delivering the envelope to Plaintiff on the same street. In addition, Plaintiff, in a voicemail message left with this Court's Courtroom Deputy, Scott A. Snyder, informed the Courtroom Deputy that the address provided in the Complaint is not correct in any event. See "Chamber's notes", Docket Sheet entry of May 10, 2006, listed after Dkt. No. 9. The Courtroom Deputy informed Plaintiff, by reply e-mail, that he is required to update his address and telephone number so that the Court has his current and valid contact information. See id. This instruction from the Courtroom Deputy was in conformity with the requirements of Northern District Local Rule 10.1(b) and 41.2(b). See N.D.N.Y. L.R. 10.1(b) & 41.2(b). However, Plaintiff has failed to provide this Court with any other address or contact information, in violation of Northern District Local Rule 10.1(b).

WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case).  Furthermore, the Second Circuit has held that "it is unquestioned that [Federal Rule of Civil Procedure] 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute". LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Calabresi, J.) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).  Rule 41(b) addresses not only Plaintiff's failure to prosecute, but also Plaintiff's "failure... to comply with these rules or any order of court".  FED. R. CIV. P. 41(b).  See also Dumpson, 2004 WL 1638183, at *2 ("a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court.... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information.  See Northern District Local Rule 10.1(b)(2).  "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."  Northern District Local Rule 41.2(b).  "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."  Dumpson, 2004 WL 1638183, at *3.

This Court has evaluated the Record in this matter.  Plaintiff has clearly failed to comply with an Order of this Court as to amending his Complaint, and has clearly failed to comply with Local Rule 10.1(b)(2) in failing to update his address and contact information.  Plaintiff's own failure to update his address has frustrated this Court's ability to contact him.  See, generally,

3

"Chamber's notes", Docket Sheet entry of May 10, 2006, listed after Dkt. No. 9.  See also Dumpson, 2004 WL 1638183, at *3 ("Nor can [Plaintiff] be spared dismissal on the ground that he did not actually receive the Court's order... since he himself was responsible for the Court's inability to notify him....") (citing Mathews v. U.S. Shoe Corp., 176 F.R.D. 442, 445 (W.D.N.Y. 1997)).

Given the law and factors discussed above, Plaintiff's non-compliance in this matter warrants the imposition of the sanction of dismissal.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Complaint is **DISMISSED** for failure to inform the Court of a currently valid address (non-compliance with Local Rule 10.1(b)(2)), and for non-compliance with this Court's April 13, 2006 Decision and Order, and subsequent Order for an extension of time; and it is further

**ORDERED**, that the Clerk of the Court **CLOSE Case Number 1:06-CV-0221 (LEK/RFT)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     August 11, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge